UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 04 B 38792 |
| BRIAN S. WADAS, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| MARK DIEBOLD AND DENISE | ) | |
| JELKE DIEBOLD, | ) | Adversary Case No. 05 A 943 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN S. WADAS, | ) | |
| | ) | Honorable John D. Schwartz |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

These matters come before the court on the motion of plaintiffs Mark Diebold and Denise Jelke Diebold (collectively, the "Plaintiffs") for summary judgment on their complaint against Brian S. Wadas (the "Debtor"), seeking a determination of the dischargeability of a debt under 11 U.S.C. § 523(a)(2)(A) of the Bankruptcy Code, and on the Debtor's motion for leave to file a response to the Plaintiffs' request for admissions. For the reasons set forth below, the court will permit the Debtor to withdraw his default admissions to the request. The Debtor is granted leave to file a response within 30 days from the issuance of this Memorandum Opinion but need not respond to those statements numbered 8, 18, 24, 25, and 26 in the Plaintiffs' request for admissions. As numerous critical issues of fact will remain as a result of the withdrawal of the default admissions, the court denies the Plaintiffs' motion for summary judgment.

## I. JURISDICTION

The court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b) as a matter arising under the Bankruptcy Code. The issue of whether the Debtor's debt is dischargeable under 11 U.S.C. § 523(a)(2)(A) is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## II. FACTS AND BACKGROUND

The Debtor was president of Wadas Construction, Inc., an Illinois corporation, as well as the company's sole officer, director, and shareholder. On or about April 17, 2003, the Debtor met with the Plaintiffs to discuss services that Wadas Construction was to provide in connection with a room addition to the Plaintiffs' residence in Hoffman Estates, Illinois.[1] Subsequently, the parties executed a contract whereby the Debtor agreed to furnish labor and materials for the addition in exchange for a total payment of $40,350.[2] The Plaintiffs paid $16,000 up front and made additional payments as the work progressed. They contend that they ultimately paid $39,500; the Debtor claims that the total amount received from the Plaintiffs was $29,200. It is unclear from the notations on the contract as to how much the Plaintiffs actually paid in total.

---

[1] In their reply to the Debtor's statement of additional facts, the Plaintiffs contend that Wadas Construction was not incorporated until November 21, 2003. Thus, according to the Plaintiffs, it was the Debtor who was to provide the services in connection with the addition, not Wadas Construction, despite the fact that the contract bears the corporation's name and address.

[2] The record does not indicate the execution date of the contract. The Plaintiffs claim that they entered into the agreement on April 17, 2003. However, on a form filed with the Illinois Attorney General's Consumer Fraud Bureau, they note that the contract was signed on June 7, 2003. The record does not contain a copy of the contract signed by either of the Plaintiffs.

The Debtor failed to finish the construction work as required by the contract, despite the fact that the Plaintiffs allegedly called him numerous times asking him to complete the job. The Plaintiffs ultimately entered into new agreements with other contractors to finish the construction. They claim that the cost for completion of the addition was more than $35,000. In addition, the Plaintiffs contend that ARO Enterprises, Inc. ("ARO"), one of the subcontractors hired by the Debtor, was not paid for its services and that, consequently, ARO asserted a mechanic's lien in the amount of $3,055 on the Plaintiffs' residence.

On December 12, 2003, the Plaintiffs filed suit against the Debtor in the Circuit Court of Cook County, alleging breach of contract, common law fraud, and consumer fraud. About ten months later, on October 19, 2004, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Subsequently, on March 21, 2005, the Plaintiffs filed a complaint in the bankruptcy, seeking a determination that the debt owed by the Debtor to the Plaintiffs in the amount of $42,555 is nondischargeable pursuant to § 523(a)(2)(A) of the Code.[3] Specifically, the Plaintiffs maintain that the Debtor never intended to perform the work and that he intentionally misrepresented to the Plaintiffs that he would do the job to induce them to pay him $39,500. They also contend that Wadas Construction is not a legal entity separate and distinct from the Debtor, and they urge the court to disregard the corporate form and pierce the corporate veil of limited liability. On June 20, 2005, the Debtor, acting without the benefit of counsel, filed an answer, denying nearly all of the material allegations of the complaint.

About two months later, on August 19, 2005, the Plaintiffs served a request for

---

[3] According to the complaint, the debt is comprised of $39,500 that the Plaintiffs allegedly paid for the construction work and the mechanic's lien in the amount of $3,055.

3

admissions on the Debtor, asking him to admit virtually every statement in the complaint. The Debtor made no reply to this request for admissions. On October 11, 2005, the Plaintiffs filed the instant motion for summary judgment. The motion, which mirrors the complaint, is based on the Debtor's failure to timely respond to the Plaintiffs' request for admissions.

In December 2005, the Debtor obtained current counsel. On December 14, 2005, during a status hearing in the matter, Debtor's counsel requested leave to file a response to the Plaintiffs' request for admissions. Subsequently, in accordance with the court's instructions, the Debtor addressed the issue of his failure to answer the request for admissions in his response memorandum and 7056-2 statement. He also included, as Exhibit B to his 7056-2 statement, a motion for leave to file a response to the Plaintiffs' request. The court now addresses both this motion and the Plaintiffs' motion for summary judgment.

### III. DISCUSSION

#### A. The Debtor's Motion for Leave to File a Response

The Plaintiffs' motion for summary judgment, discussed below, is based solely on the Debtor's failure to answer the request for admissions served by the Plaintiffs pursuant to Federal Rule of Civil Procedure 36, made applicable by Bankruptcy Rule 7036. Under subsection (a) of the rule, "[a] party may serve upon any other party a written request for the admission . . . of the truth of any matters . . . set forth in the request that relate to statements or opinions of fact or of the application of law to fact . . . ." FED. R. CIV. P. 36(a). Rule 36(a) further provides that a party must answer each matter for which an admission is requested within thirty days or the matter is deemed admitted. Id.; see also United States v. Kasuboski, 834 F.2d 1345, 1349 (7th

Cir. 1987); Mangan v. Broderick & Bascom Rope Co., 351 F.2d 24, 28 (7th Cir. 1965); Adventures in Good Eating, Inc. v. Best Places to Eat, Inc., 131 F.2d 809, 812 (7th Cir. 1942) (finding that "[s]ilence [is] tantamount to an admission"); Silverman v. Merce (In re Silverman), Nos. 98 B 37764, 98 A 02064, 1999 WL 326328, at *5 (Bankr. N.D. Ill. May 18, 1999); AT & T Universal Card Servs., Corp. v. Sziel (In re Sziel), 206 B.R. 490, 493 (Bankr. N.D. Ill. 1997).

It is undisputed that the Debtor failed to respond to the Plaintiffs' request for admissions as required by Rule 36(a). Ordinarily, then, the facts set forth in the request would be deemed to be true. However, the Debtor has moved for leave to file a response to the Plaintiffs' request for admissions, thereby invoking the protective procedure of Rule 36(b).[4] See Herrin v. Blackman, 89 F.R.D. 622, 623-24 (W.D. Tenn. 1981) (discussing Warren v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 544 F.2d 334, 339-40 (8th Cir. 1976)); see also Sadowsky v. Larson (In re Larson), 169 B.R. 945, 955 (Bankr. D.N.D. 1994) (finding that a court has the discretion to allow the withdrawal of admissions regardless of whether a formal motion requesting such relief has been filed). That rule provides in relevant part as follows:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

---

[4] The proper procedure for withdrawing admissions made by virtue of a failure to respond to a request for admissions is by motion to withdraw those default admissions. Kalis v. Colgate-Palmolive Co., 231 F.3d 1049, 1059 (7th Cir. 2000) (quoting Kasuboski, 834 F.2d at 1350). However, the Debtor's request to be allowed to file a late response to the Plaintiffs' request for admissions "is the equivalent of allowance of withdrawal of admissions under Rule 36(b)." See Herrin, 89 F.R.D. at 623-24.

FED. R. CIV. P. 36(b). Accordingly, the court can permit the Debtor to withdraw the default admissions if the following requirements are met: (1) the presentation of the merits of the case will be furthered by the withdrawal; (2) the Plaintiffs are unable to establish that withdrawal will prejudice them in maintaining their case against the Debtor; and (3) the court, in its discretion, permits the withdrawal. See id.; Banos v. City of Chi., 398 F.3d 889, 892 (7th Cir. 2005); Kasuboski, 834 F.2d at 1350 n.7; Narowetz Mech. Contractors, Inc. v. Econ. Mech. Indus., Inc. (In re Narowetz Mech. Contractors, Inc.), 99 B.R. 850, 860 (N.D. Ill. 1989).

It is well-established that the failure to answer a request to admit allows a court to enter summary judgment if the facts deemed admitted are dispositive. Kasuboski, 834 F.2d at 1350; First Nat'l Bank Co. of Clinton, Ill. v. Ins. Co. of N. Am., 606 F.2d 760, 766 (7th Cir. 1979); Cent. States, Se. & Sw. Areas Pension Fund v. GL & B Leasing Co., 874 F. Supp. 217, 218 n.1 (N.D. Ill. 1995); Silverman, 1999 WL 326328, at *5. However, a court is not required to do so. Courts are particularly responsive to permitting late answers to requests for admission when summary judgment is involved. Lucas v. Higher Educ. Assistance Found. (In re Lucas), 124 B.R. 57, 58 (Bankr. N.D. Ohio 1991). "[T]he interests of justice are not furthered by automatically determining all [of] the issues of an adversary proceeding and perfunctorily entering summary judgment against a party simply because a deadline is missed." Larson, 169 B.R. at 955; see also United States v. Turk, 139 F.R.D. 615, 617 (D. Md. 1991). Courts "favor substantial justice over technical contentions." Pickens v. Equitable Life Assurance Soc'y, 413 F.2d 1390, 1394 (5th Cir. 1969).

In this matter, the court finds that the Debtor has demonstrated the elements necessary to warrant the withdrawal of the default admissions. First, allowing the default admissions to be

6

withdrawn would further the presentation and resolution of the case on the merits, because the admissions are dispositive in this adversary proceeding. Indeed, the Plaintiffs' request for admissions asks the Debtor to admit facts which establish all of the central issues in the case. The purpose of Rule 36, however, is to expedite trial by eliminating the need to prove essentially undisputed and peripheral issues. Strasser v. Fascination Candy Co., 7 F.R.D. 267, 269 (N.D. Ill. 1945); AT&T Universal Card Servs. Corp. v. Sziel (In re Sziel), 209 B.R. 712, 713 (Bankr. N.D. Ill. 1997). The rule should not be used to prove the entire case. Kasar v. Miller Printing Machinery Co., 36 F.R.D. 200, 203 (W.D. Pa. 1964) (finding that Rule 36 should not be used to "short circuit" the presentation of the critical facts in a case); see also Henry v. Champlain Enters., Inc., 212 F.R.D. 73, 77 (N.D.N.Y. 2003). That is precisely what the Plaintiffs are attempting to do. Certainly, the presentation of the merits of the case would be served here by permitting the Debtor to dispute the central issues.

Moreover, at the time the request for admissions was served upon the Debtor, he was proceeding without the benefit of counsel. Deeming critical facts admitted because a pro se defendant has failed to answer a request for admissions would not further the interests of justice. See Local Union No. 38, Sheet Metal Workers' Int'l Ass'n, AFL-CIO v. Tripodi, 913 F. Supp. 290, 294 (S.D.N.Y. 1996); Turk, 139 F.R.D. at 617 (noting the court's reluctance "to grant summary judgment against a pro se defendant based solely upon his failure to comply with the discovery requirements of the Federal Rules of Civil Procedure"); Brust v. Indus. Bank of Commerce, 18 F.R.D. 90, 91 (S.D.N.Y. 1955) (holding that the defendant should not be penalized for his attorney's failure to file a timely response to a request for admissions, where the failure was the result of unfamiliarity with the Federal Rules). But see Driver v. Gindy Mfg.

7

Corp., 24 F.R.D. 473, 475 (E.D. Pa. 1959) (finding that unfamiliarity with the federal rules does "not afford an adequate basis for the exercise of legal discretion by a court for the benefit of the party who fails to observe the rules").

In sum, to conclusively find the facts central to this litigation against the Debtor without giving him an opportunity to be heard would not further the presentation of the merits or facilitate the development of the case in reaching the truth. Although the court does not condone the Debtor's nonfeasance, it is evident from the parties' pleadings that the critical issues of this matter are contested, and a just disposition will be best achieved by allowing the Debtor to respond.

The prejudice element of Rule 36(b) has also been satisfied. That is, the Plaintiffs have failed to establish that withdrawal of the default admissions will prejudice them in maintaining their case against the Debtor. See Moglia v. Boat Warehouse (In re Outboard Marine Corp.), Nos. 00 B 37405, 02 A 02576, 2003 WL 22835009, at *3 (Bankr. N.D. Ill. Nov. 24, 2003) (noting that the party who obtained the admissions has the burden of establishing that withdrawal would prejudice that party). The need to persuade the trier of fact of the truth of a matter erroneously admitted is not sufficient prejudice under Rule 36(b). United States v. Henderson (In re Guardian Trust Co.), 260 B.R. 404, 411 (S.D. Miss. 2000). Similarly, preparing a motion for summary judgment in reliance on a matter admitted in error does not establish prejudice. Id. Rather, the prejudice contemplated by Rule 36 concerns the difficulty a party might face in proving its case because of the unavailability of key witnesses or the sudden need to obtain evidence to establish the matter that had been admitted. Gutting v. Falstaff Brewing Corp, 710 F.2d 1309, 1314 (8th Cir. 1983); Larson, 169 B.R. at 955 (quoting Farr Man & Co. v. M/V

Rozita, 903 F.2d 871, 876 (1st Cir. 1990)).

Here, the court finds no prejudice related to the withdrawal of the default admissions. The Plaintiffs have made no showing that they will have difficulty proving their case because of the unavailability of witnesses or the inability to secure evidence. Thus, the court concludes that the Plaintiffs have failed to show that the withdrawal of the admissions will prejudice them in maintaining their case.

Accordingly, the court will exercise its discretion and allow the withdrawal of the default admissions. Further, the court grants the Debtor's motion for leave to file a response to the Plaintiffs' request for admissions. However, some of the admissions sought by the Plaintiffs are improper because they seek to compel the Debtor to admit either central facts which are obviously in dispute or conclusions of law.

In particular, the Plaintiffs request that the Debtor admit facts establishing the issue of intent. Specifically, three of the statements in the Plaintiffs' request seek the Debtor's admission that he did not intend to honor his contractual obligations when the agreement was executed (Request No. 24); that he intentionally made misrepresentations to the Plaintiffs in order to induce them to pay him (Request No. 25); and that he made those misrepresentations with an intent to deceive the Plaintiffs (Request No. 26). Because these requests seek to compel the Debtor to admit crucial issues prior to trial, they are improper. See, e.g., Pickens, 413 F.2d at 1393 (finding that "admissions as to central facts in dispute are beyond the proper scope" of Rule 36); United States v. $30,354.00 in U.S. Currency, 863 F. Supp. 442, 445 (W.D. Ky. 1994) (stating that requested admissions that "go to the heart of the case . . . should be decided upon a complete trial"); Whitaker v. Belt Concepts of Am., Inc. (In re Olympia Holding Corp.), 189

B.R. 846, 853 (Bankr. M.D. Fla. 1995); Lucas, 124 B.R. at 59.

In addition to going to the heart of the case, the three requested admissions above are invalid because they include conclusory statements of the Debtor's intent. Two other averments in the Plaintiffs' request also ask the Debtor to admit conclusions of law. Request No. 8 attempts to compel the Debtor to admit that "[t]here was a unity of interest and ownership between Debtor and Wadas Construction such that the separate personalities of Debtor and Wadas Construction did not exist[,]" and Request No. 18 seeks an admission that "[t]he circumstances are such that the adherence to the fiction of the separate corporate existence of Wadas Construction would promote injustice and inequitable consequences." It is well-established that a request for admissions cannot be used to compel an admission of a conclusion of law. See, e.g., Citibank (N.D.) N.A. v. Spatafora, Nos. 99 B 12196, 00 CV 3890, 2002 WL 1941550, at *2 (N.D. Ill. Aug. 21, 2002); Sziel, 206 B.R. at 493; see also Playboy Enters., Inc. v. Welles, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999); Olympia Holding, 189 B.R. at 853.

In light of the improper requests, the Debtor need not furnish responses to those statements numbered 8, 18, 24, 25, and 26. The court grants leave to the Debtor to file a response within 30 days from the issuance of this Memorandum Opinion to the remaining statements in the Plaintiffs' request for admission.

**B.    The Plaintiffs' Motion for Summary Judgment**

The Plaintiffs seek summary judgment on their complaint based on the default admissions. According to the Plaintiffs, those admissions entitle them to summary judgment because there are no genuine issues of material fact.

1. **Applicable Standards for Summary Judgment**

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Federal Rule of Civil Procedure 56, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(c) reads in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(c); see also Estate of Allen v. City of Rockford, 349 F.3d 1015, 1019 (7th Cir. 2003). The purpose of summary judgment is to avoid unnecessary trials when there are no genuine issues of material fact in dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of demonstrating all elements of the cause of action, Bombardier Capital, Inc. v. Dobek (In re Dobek), 278 B.R. 496, 501 (Bankr. N.D. Ill. 2002), as well as showing that no genuine issue of material fact is in dispute and that judgment in its favor should be granted as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the nonmovant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986); Mattson v. Caterpillar, Inc., 359 F.3d 885, 888 (7th Cir. 2004). The movant cannot rely on mere conclusions in support of a claim without some corroborating probative evidence. Anderson, 477 U.S. at 249. The existence of a material factual dispute is sufficient only if the fact at issue is determinative of the outcome under applicable law. Id. at 248. "[S]ummary judgment is not an appropriate occasion for weighing the evidence; rather, the inquiry is limited to determining if there is a genuine issue for trial." Lohorn v. Michal, 913 F.2d

327, 331 (7th Cir. 1990).

2.     **11 U.S.C. § 523(a)(2)(A)**

Section 523 of the Bankruptcy Code provides for various exceptions to the dischargeability of debts. The party seeking to establish an exception to the discharge of a debt bears the burden of proof by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991); In re Sheridan, 57 F.3d 627, 633 (7th Cir. 1995); Kress v. Kusmierek (In re Kusmierek), 224 B.R 651, 655 (Bankr. N.D. Ill. 1998). To advance the policy of giving the debtor a fresh start in bankruptcy, exceptions to discharge are construed strictly against the creditor and liberally in favor of the debtor. Meyer v. Rigdon, 36 F.3d 1375, 1385 (7th Cir. 1994).

The Plaintiffs contend that the debt at issue is nondischargeable under § 523(a)(2)(A), which excepts from discharge any debt "for money, property, [or] services . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud . . . ." 11 U.S.C. § 523(a)(2)(A). Accordingly, in order for the debt in this matter to be held nondischargeable under § 523(a)(2)(A), the Plaintiffs have the burden of proving the following: (1) that the Debtor obtained the funds at issue through representations that the Debtor either knew to be false or made with such reckless disregard for the truth as to constitute willful misrepresentation; (2) that the Plaintiffs justifiably relied on the misrepresentation to their detriment; and (3) that the Debtor actually intended to deceive the Plaintiffs. In re Bero, 110 F.3d 462, 465 (7th Cir. 1997); Mayer v. Spanel Int'l Ltd. (In re Mayer), 51 F.3d 670, 673 (7th Cir. 1995); Citibank (S.D.), N.A. v. Michel, 220 B.R. 603, 605 (N.D. Ill. 1998); Sanchez, 277 B.R. at 908.

The Debtor's representation under § 523(a)(2)(A) must be of current or past facts. See

id.; Caez v. Jacob (In re Jacob), Nos. 97 B 27010, 97 A 01644, 1998 WL 150493, at *4 (Bankr. N.D. Ill. Mar. 23, 1998). Promises to perform in the future do not constitute false representations. Id.

Further, the Plaintiffs' reliance on the Debtor's alleged misrepresentation must be "justifiable." See Field v. Mans, 516 U.S. 59, 71 (1995). Whether the Plaintiffs justifiably relied on the false representation is determined by examining the circumstances of the case and the characteristics of the Plaintiffs–not by an objective standard. See id. To satisfy the reliance element, the Plaintiffs must show that the Debtor's misrepresentation was the cause-in-fact of the debt that the Plaintiffs seek to be excepted from discharge. See Dallenbach Racing, Inc. v. Oordt (In re Oordt), Nos. 04 B 16542, 04 A 03403, 2004 WL 2915311, *4 (Bankr. N.D. Ill. Dec. 16, 2004) (citing Mayer, 51 F.3d at 676).

Finally, whether the Debtor had the requisite intent to deceive is a factual issue that must be resolved by reviewing all relevant circumstances of the case. See id. "Proof of intent to deceive is measured by a debtor's subjective intent at the time the representation was made." Id.; see also Mercantile Bank v. Canovas, 237 B.R. 423, 428 (Bankr. N.D. Ill. 1998); Michel, 220 B.R. at 606 (finding that "there is no fraud when a person makes a representation that he sincerely believes is true"). Because direct evidence of an intent to deceive is seldom available, scienter may be proven through the use of circumstantial evidence. Baytree Nat'l Bank & Trust Co. v. Christensen (In re Christensen), Nos. 04 B 17486, 04 A 3646, 2005 WL 1941231, at *3 (Bankr. N.D. Ill. Aug. 12, 2005); Rezin v. Barr (In re Barr), 194 B.R. 1009, 1020 (Bankr. N.D. Ill. 1996).

In support of their motion for summary judgment, the Plaintiffs provide the original

contract between the parties, which details the work to be done, as well as the unanswered request for admissions and the Plaintiffs' own affidavit. That affidavit, however, is identical in substance to the Plaintiffs' complaint, their 7056-1 statement, and their request for admissions. In effect, then, the Plaintiffs rely solely on the default admissions to support their motion. That is, they contend that the nature of the debt in this matter has been conclusively established to be nondischargeable under § 523(a)(2)(A) in light of the Debtor's failure to answer the request for admissions. The Plaintiffs have failed to submit any documentary or other competent evidence in support of their claim. Because the court has permitted the withdrawal of the default admissions, numerous issues of material fact remain as to the cause of action. Therefore, the Plaintiffs' motion for summary judgment must be denied.

## IV. CONCLUSION

For the foregoing reasons, the court will permit the Debtor to withdraw his default admissions to the Plaintiffs' request for admissions and grants by separate order of even date the Debtor's motion for leave to file a response to the request. The Debtor is directed to file his response on or before the 9th day of June, 2006 but shall not respond to those statements numbered 8, 18, 24, 25, and 26 in the Plaintiffs' request for admissions. Because numerous issues of material fact remain as a result of the withdrawal of the default admissions, the Plaintiffs' motion for summary judgment will be denied.

ENTERED:

**DATE: May 3, 2006**

JOHN D. SCHWARTZ
United States Bankruptcy Judge